In re Alan HIRSCH a/k/a Allen Hirsch and Sarina Mizrahi Hirsch a/k/a Sarina M. Hirsch a/k/a Sarina Joy Hirsch, Debtors.

Bankruptcy No. 83–00431–BKC–TCB–X.

United States Bankruptcy Court, S.D. Florida.

April 4, 1985.

See also, Bkrtcy., 36 B.R. 643.

Bernard I. Rappaport, Miami, Fla., for Gundolf and Carol O. Koppey.

Ira Pozen, P.A., Miami, Fla., for debtors.

## ORDER REOPENING CASE AND AUTHORIZING COMMENCEMENT OF ACTION AGAINST THE DEBTOR, ALAN HIRSCH

THOMAS C. BRITTON, Bankruptcy Judge.

This chapter 7 bankruptcy case was closed in October, 1984 after each of the debtors had been granted a discharge.

Two creditors, Gundolf and Carol Koppey, moved under 11 U.S.C. § 350 on March 6, 1985, to reopen the case in order to secure ·permission to proceed to judgment in a state court action pending at the time of bankruptcy and, therefore, stayed by § 362(a).

In that lawsuit, movants believed that they have alleged damages from acts of the debtor, Alan Hirsch, which are compensible from the Florida Real Estate Recovery Fund, if reduced to judgment.

The fund is a statutory source of compensation for persons who have suffered monetary damages by reason of certain acts committed as a part of any transaction involving the sale of real property in Florida by any broker or salesman. *Fla.Stat.* § 475.482. Movants' state court complaint is not in the record before me, and I do not, therefore, pass upon whether that claim falls within the purview of the Fund.

Movants recognized that the bankruptcy discharge precludes their recovery of any effort on their part:

> "to collect, recover or offset any such debt as a personal liability of the debtor ..." Section 524(a)(2).

They, therefore, stipulate that if they receive judgment, they will not execute that judgment against the debtor or his property, and the judgment shall not become a lien against the debtor or his property. They merely wish to obtain a state court adjudication that they have suffered monetary damages which fall within the scope of *Fla.Stat.* § 475.482.

With the foregoing reservation, there appears to be no impediment under § 524(a) to their proceeding with the litigation. If there be any constraint, either under § 524 or otherwise, I see no reason why that constraint cannot be lifted for this narrow purpose.

The debtors object only because they believe that the issues which the movants wish to try have already been fully litigated in this court, in Adversary Proceeding

No. 83–0624, in which movants opposed the debtors' discharges under § 727 and, alternatively, sought exception from discharge of their claim under § 523. In that Adversary Proceeding, former bankruptcy judge Gassen entered judgment against movants (C.P. No. 23), upon ten pages of findings and conclusions with respect to the evidence before him. The debtors argue that movants' allegations are now barred, through Judge Gassen's judgment, either by res judicata or collateral estoppel.

Without passing upon the merits of that defense, I believe that it should be presented to, and decided by the State court, and not preempted by this court.

Accordingly, the motion to reopen is granted. I find and hold that the bankruptcy discharge granted to Alan Hirsch in this court does not prevent the movants from continuing their state court litigation pending before bankruptcy against Alan Hirsch, in view of movants' stipulation in this court that no relief obtained in that proceeding will be enforced as a personal liability of the debtor or from his property, nor will it constitute a lien against the debtor's property. That stipulation has been made in this court.