**In re Todd A. TRAYLOR, Debtor.**

**Bankruptcy No. 088–80435–21.**

United States Bankruptcy Court,
E.D. New York.

Jan. 9, 1989.

Richard I. Levine, West Islip, N.Y., for debtor.

Rebore, Thorpe & Pisarello, P.C. by William J. Pisarello, Lindenhurst, N.Y., for Charles and Pat J. Casarona.

Robert L. Pryor, Mineola, N.Y., trustee.

## MEMORANDUM DECISION

CECELIA H. GOETZ, Bankruptcy Judge:

Charles Casarona and Pat J. Casarona, named as creditors in the debtor's petition,

are moving for leave to continue a pending action against the debtor's insurance company. They are not seeking any recovery from the debtor himself. The debtor filed under Chapter 7 on May 12, 1988, in large part because of the damage claims against him arising from an accident which occurred on April 23, 1985. It was in that accident that the moving parties were injured. The debtor was discharged of all debts, including the claims of Charles Casarona and Pat J. Casarona, on September 21, 1988.

The debtor, through his attorney, Richard Levine, is opposed to the relief requested on two grounds: (1) since the debt owed, if any, to the moving parties was discharged in bankruptcy, it would therefore be improper to permit the creditors to proceed against the debtor's insurer; and (2) continuance of the litigation would interfere with the debtor's other obligations (he is both a student at Stony Brook and earning his living by driving a truck).

▆▆▆ As this Court stated on the record, the debtor, whether discharged or not, is under the same obligations as would be any witness, regardless of the inconvenience to him, to attend any trial that may take place if the relief is granted. Therefore, that objection constitutes no obstacle.

The propriety of permitting the action to proceed against the insurance company, even though the debtor had been discharged of any claim against him, poses a more difficult problem. No authority was submitted by either side. Such precedents as this Court has been able to discover all favor granting the relief requested. *Rowe v. Ford Motor Co.*, 34 B.R. 680 (M.D.Ala. 1983); *In re White*, 73 B.R. 983 (Bankr.D. Dist.Col.1987); *In re Mann*, 58 B.R. 953 (Bankr.W.D.Va.1986); *Shade v. Fasse*, 40 B.R. 198 (Bankr.D.Colo.1984).

This result seems to accord with the social policy underlying automobile insurance. Whereas such insurance may at one time have been viewed as solely for the protection of the insured, the public policy, as reflected in the requirement that all drivers carry liability insurance, indicates that insurance is now viewed as necessary protection for potential victims of the insured's negligence. The debtor could not have driven his car in the State of New York without insurance. He was required to carry it in the interest of persons like the tort-creditors here. That through bankruptcy he can divest himself of his personal obligation to compensate them for injuries suffered due to his negligence, should not wipe out the carrier's commitment which permitted him to drive a car. It would not be in accordance with sound public policy to deem a discharge in bankruptcy as releasing an insurance company from liability under a policy which the law requires every automobile driver to carry for the protection of the public.

For the foregoing reasons, the Court is granting Charles Casarona and Pat J. Casarona the relief they seek.

An Order consistent with this Memorandum Decision is being issued contemporaneously.