In re **HILLSBOROUGH HOLDINGS CORPORATION, et al., Debtors.**

In re **UNITED STATES PIPE & FOUNDRY CO., Debtor.**

**Bankruptcy Nos. 89–9715–8P1 to 89–9746–8P1 and 89–9744–8P1.**

United States Bankruptcy Court, M.D. Florida, Tampa Division.

Aug. 9, 1991.

D. Stichter, Stichter, Riedel, Blain & Prosser, Tampa, Fla., M. Crames, Kaye, Scholer, Fierman, Hays, New York City, for debtor.

Paul O'Hearn, Jones, Day, Atlanta, Ga., Zala Forizs, Blasingame and Forizs, St. Petersburg, Fla., Marc Kirschner, Jones, Day, New York City, for Creditors Committee.

Daniel Golden, Stroock & Stroock & Lavan, New York City, John Genovese, Stroock & Stroock & Lavan, Miami, Fla., for Bondholders Committee.

Sara Kistler, Office of U.S. Trustee.

Gary London, James Robinson, Birmingham, Ala., for movant.

## ORDER ON MOTION FOR RELIEF FROM AUTOMATIC STAY

ALEXANDER L. PASKAY, Chief Judge.

The matter under consideration is a Motion For Relief From the Automatic Stay, filed by American Pipe & Concrete (American Pipe) in the Chapter 11 case of U.S. Pipe & Foundry (U.S. Pipe), one of the several corporate debtors, all wholly-owned subsidiaries of Hillsborough Holdings Co. (HHC). The parent HHC and 34 of its subsidiaries, including U.S. Pipe, filed their separate Petitions for Relief under Chapter 11 and, although the cases have been procedurally consolidated, so far there is no order entered substantially consolidating the cases of HHC with its wholly-owned subsidiaries.

The Motion was filed by American Pipe, a corporation named as co-defendant with U.S. Pipe in a civil action currently pending in the U.S. District for the Northern District of Georgia. The suit commenced by the City of Atlanta (City) is based on a claim asserted by the City that American Pipe and U.S. Pipe conspired in connection with the submission of their respective bids for the installation of certain types of pipes manufactured both by American Pipe and U.S. Pipe. In the suit, filed by the City prior to the commencement of the Chapter 11 case of U.S. Pipe, the City seeks to recover compensatory and treble damages under several different legal theories against both the Defendants, American Pipe and U.S. Pipe.

In order to put the issues raised by the Motion of American Pipe in proper focus, a brief recap of the procedural background of the Chapter 11 cases involved should be helpful and could be summarized as follows:

The Chapter 11 cases, including the case of U.S. Pipe, were commenced on December 27, 1989. On March 2, 1990, the City filed a Motion and sought relief from the automatic stay in order to be permitted to proceed with the civil action filed in Atlanta against American Pipe and U.S. Pipe. The Motion, which sought relief for "cause" pursuant to § 362(d)(1) of the Bankruptcy Code, was heard in due course, and after having heard extensive argument of counsel for the City and U.S. Pipe, this Court denied the Motion by an Order entered on May 4, 1990. The Order was based in essence on the conclusion reached by this Court that the claim of the City against U.S. Pipe should be liquidated in this Court or, in the alternative, estimated pursuant to § 502(c)(1) of the Code. This Order was never challenged by the City by either a Motion for Rehearing or by a timely-filed Notice of Appeal.

On May 7, 1990, the City filed its Proof of Claim asserting a general unsecured claim in the approximate amount of $50 million. On July 6, 1990, the City also filed a Motion and sought the withdrawal of the reference of the proceeding involving U.S. Pipe's objection to its claim, an objection which is yet to be filed by U.S. Pipe and merely anticipated by the City that it ultimately will be filed. The Motion to Withdraw the reference also sought, if the Motion is granted, an Order transferring the Debtor's objection it filed to the City's claim to Atlanta to be heard by the District Court in the Northern District of Georgia. In due course, the Motion was transmitted to the District Court for its consideration as is required by Bankruptcy Rule 5011(a), and it is still pending and awaiting disposition by the District Court.

Of course, the Order which denied the Motion for Relief from Stay had no impact on the civil action of the City against the other non-debtor defendant, American Pipe, and it appears that the City does intend to prosecute its claim in Atlanta against American Pipe. This proposed course of action by the City triggered the instant Motion filed by American Pipe seeking relief from the automatic stay in order to proceed to depose several present and former employees of U.S. Pipe for the purpose of discovering facts which might help in its defense against the claim asserted against it by the City.

In opposing the Motion, counsel for U.S. Pipe contends that to permit American Pipe to depose employees of U.S. Pipe would indirectly violate the automatic stay protecting U.S. Pipe. Additionally, U.S. Pipe claims that lifting the stay may adversely affect its defense of the claim of the City against it, if and when U.S. Pipe ultimately files its objection to the unliquidated claim of the City and, would in effect be tantamount to an "end run" around the shield of protection erected by the automatic stay already available to U.S. Pipe.

Considering American Pipe's right to the relief sought, the initial inquiry must be addressed to the threshold question, which is whether or not the proposed action, i.e. proposed discovery by the City, is in fact prohibited by the automatic stay protecting U.S. Pipe. At first blush, it would appear that the proposed action by American Pipe, that is to conduct discovery in order to prepare its defense against the suit filed by the City, is not prohibited by the automatic stay. This is so because there is no question that American Pipe does not seek relief from the automatic stay in order to undertake any action against U.S. Pipe or against any property of U.S. Pipe in order to enforce a pre-petition claim against U.S. Pipe, which action would clearly be within the specific provisions of § 362(a) of the Bankruptcy Code. Based on the undisputed facts, it is clear that a literal reading of § 362(a) leaves no doubt that the automatic stay would not prevent American Pipe from conducting the proposed discovery to be used for its defense in the suit filed by the City.

To overcome the obvious, counsel for U.S. Pipe contends that the § 362(a) should be liberally construed in favor of U.S. Pipe in order to achieve the beneficial purpose for which it was enacted by Congress. Specifically, it is urged by counsel that if American Pipe's Motion is granted, the proposed discovery would not only place an undue burden on U.S. Pipe, but, in effect, materially aid the City to ultimately enforce its claim against U.S. Pipe, therefore, the protection granted to U.S. Pipe by § 362(a) should be extended to prohibit American Pipe to obtain discovery from the employees of U.S. Pipe. In support of this proposition, counsel for U.S. Pipe cites the cases of *In re Johns–Manville Corp.*, 40 B.R. 219 (S.D.N.Y.1984) (*Johns–Manville I*); *In re Johns–Manville Corp.*, 41 B.R. 926 (S.D.N.Y.1984) (*Johns–Manville II*); *In re Kozak Farms, Inc.* 47 B.R. 399 (W.D.Mo.1985); *In re Bock Laundry Machine Co.*, 37 B.R. 564 (Bankr.N.D.Ohio 1984); and *In re Towner Petroleum Co.*, 48 B.R. 182 (Bankr.W.D.Okla.1985).

In the case of *Johns–Manville I, supra,* Chief Judge Brieant indirectly rejected the proposition urged by Johns–Manville that § 362 of the Bankruptcy Code should be interpreted broadly enough to protect non-debtors. The Court noted that the proposition urged in that case by Lac D'Amiante du Quebec, Ltee. (Lake Asbestos) that the automatic stay presented no bar to the proposed discovery involving the employees of the debtor was amply supported, citing the case of *In re Teledyne Industries, Inc. v. Eon Corp.*, 373 F.Supp. 191 (S.D.N.Y.1974). Similarly, in *Paden v. Union for Experimenting Colleges and Universities,* 7 B.R. 289 (D.C.N.D.Ill.1980), another of the cases cited by Lake Asbestos, the Court permitted discovery to proceed against a non-debtor in a civil rights case after finding it would not interfere with pending bankruptcy proceedings.

However, *In Johns–Manville I, supra,* Judge Brieant did not consider it to be necessary to decide whether the automatic stay could be extended to protect non-debt-

ors because he was satisfied that § 105 of the Bankruptcy Code furnished ample authority to prohibit discovery from the employees of a debtor if the proposed action interfered with the rehabilitative process sought of the debtor.

■ This Court is not unmindful of a view of some that under appropriate circumstances it is proper to "extend the automatic stay" to protect the non-debtors against discovery proceedings in actions brought against officers, directors and former employees of the debtor. *In re Johns–Manville,* 26 B.R. 420 (Bankr. S.D.N.Y.1983). However, this Court is constrained to reject the proposition stated and the notion that the protection accorded by § 362 could be extended to non-debtors. There is nothing in the language of this Section or in the legislative history of this Section which warrants such a conclusion.

■ This Court is also constrained to reject a proposition stated in *Johns–Manville I* that § 105 of the Code is an alternative source for an automatic stay. While there is no doubt that a debtor might obtain the relief sought by seeking injunctive relief based on § 105 of the Code, the remedy available is not automatic and the principles which govern the protection afforded by § 362(a) and which govern the right to injunctive relief are radically different. First, it is clear that if a stay applies, it is automatic, and the debtor does not have to seek the protection of the stay, or make a showing that it is entitled to protection of the stay. On the other hand, if the debtor seeks protection under § 105 of the Code, the debtor must commence an adversary proceeding which is governed by Part VII of the Bankruptcy Rules. Moreover, if the relief is sought under § 105, it is clearly the burden of the debtor to establish the traditionally accepted principles which govern the issuance of injunctive relief that is, a substantial likelihood that the movant will prevail on the merits; that the movant will suffer irreparable injury unless the injunction issues; that the threatened injury outweighs any damage the proposed injunction will cause to the opposing party; and that the injunction, if issued, would not be adverse to the public interest. *Shatel Corp. v. Mao Ta Lumber & Yacht Corp.,* 697 F.2d 1352 (11th Cir.1983).

■ Even if this were not the case, assuming without conceding that it is proper to give the broadest possible construction to § 362, and the proposed action by American Pipe is indeed prohibited by the automatic stay, this conclusion still would require this Court to consider American Pipe's request for relief from the automatic stay. As noted, American Pipe seeks relief from the stay for "cause", i.e. its need to obtain through the proposed discovery, information which might assist American Pipe to defend the claims asserted against it by the City. The term "cause" is not defined by the Code and may cover a variety of situations. In the present instance, it brings into play two diametrically opposed interests. On the one hand, there exists the right of every litigant, including U.S. Pipe, to have access to evidence and testimony of witnesses through discovery which might lead to evidence to be used in its defense against the prosecution of claims by the City in Atlanta. On the other hand, it is the contention of U.S. Pipe that it has a right not to be compelled to expend time, energy and precious funds which it might be required to expend if the request for relief of American Pipe is granted.

Concerning the first contention, this Court is satisfied that the City's right to seek and obtain evidence for the defense of the claim of the City and against American Pipe far outweighs the possible inconvenience which U.S. Pipe might have to endure if the City's Motion is granted. However, the resolution of the second contention urged by U.S. Pipe is not without difficulty. The heart of the claim of the City against American Pipe is a charge that American Pipe and U.S. Pipe engaged in a civil conspiracy in conjunction with the bidding process for public works with the City. This controversy, by necessity, would involve evidence which might impact the interest of U.S. Pipe, and any evidence obtained through discovery might possibly be detrimental to the debtor's defense, when the City's claim is ultimately either

liquidated or estimated. The matter is further complicated by the fact that the forum in which the City's claim ultimately would be liquidated or estimated is still in limbo because the City filed a Motion to Withdraw the reference of a yet to be filed objection to its claim and also sought an Order, if a Motion to Withdraw is granted, to transfer the objection to its claim to the Northern District of Georgia. Unfortunately, the resolution of these two questions is still before the District Court and it is impossible to state at this time when the parties will receive the answer to these very important threshold questions. If the District Court grants the Motion to withdraw the reference and transfers the claim to the Northern District of Georgia, this Court would not be in a position to prohibit American Pipe or the City to use the information obtained through discovery against U.S. Pipe. On the other hand, if the Motion to withdraw the reference or to transfer venue is denied and the City's claim is liquidated or estimated in this Court, this Court would be in a position to control the use of discovery and would certainly be able to prohibit the utilization against U.S. Pipe of any information obtained through the proposed discovery.

These conclusions should not be construed, however, to prohibit U.S. Pipe to obtain appropriate relief under § 105 if it is so advised, that is, if discovery would seriously impact its ability to proceed to rehabilitate under Chapter 11. Based on the foregoing, it is

ORDERED, ADJUDGED AND DECREED that the Motion is hereby granted, and American Pipe be, and the same is hereby, authorized to proceed to conduct reasonable discovery involving the employees of U.S. Pipe. It is further

ORDERED, ADJUDGED AND DECREED that in the event the automatic stay applies, the same is modified to authorize American Pipe to proceed with its plan of discovery with a provision that any material obtained through discovery is not to be binding on U.S. Pipe in any proceeding involving the liquidation or estimation of a claim against U.S. Pipe.

DONE AND ORDERED.