In re Garry W. BEENEY, Debtor.

James PATRONITE, Jr., Appellant,

v.

Garry W. BEENEY, Appellee.

BAP Nos. CC–91–1987–JOMe, CC–91–
1988–JOMe, CC–91–2018–JOMe
and CC–91–2019–JOMe.
Bankruptcy No. LA 91–61357–KM.

United States Bankruptcy Appellate Panel
of the Ninth Circuit.

Argued and Submitted on May 20, 1992.

Decided June 26, 1992.

Bruce A. Lindsay, Whittier, Cal., for appellant James Patronite, Jr.

Fritz J. Firman, Santa Ana, Cal., for appellee Garry Beeney.

Before JONES, OLLASON and MEYERS, Bankruptcy Judges.

OPINION

JONES, Bankruptcy Judge:

The trial court denied appellant's motion to reopen the debtor's bankruptcy case and appellant's petition to pursue a state court lawsuit against the debtor. Appellant sought to pursue the lawsuit solely to determine the debtor's liability for an auto

accident so that appellant could collect damages under the debtor's insurance policy. Appellant did not intend to enforce the judgment against the debtor personally and the debtor would have borne no expense to defend the litigation. The appellant argues that the trial court abused its discretion in denying the motions. We affirm, but on the ground that the state action is not barred by Bankruptcy Code.

## FACTS

On or about October 19, 1990, debtor Gary Beeney ("Beeney") and appellant James Patronite ("Patronite") were involved in an auto accident which, according to Patronite, was caused by Beeney. Patronite was injured in the accident and his car was damaged.

Beeney subsequently filed a petition under Chapter 7 of the Bankruptcy Code.[1] Patronite received notice of the bankruptcy and an order for meeting of creditors on January 22, 1991. The notice stated that Beeney's was a no asset case and that Patronite need not file a proof of claim. Accordingly, Patronite did not file a proof of claim. He also did not seek relief from the automatic stay of Bankruptcy Code § 362(a) to sue Beeney to establish his liability for the accident. Patronite apparently waited because he was still being treated for his injuries and the amount he would claim from Beeney could not be determined at that time.

Beeney received his discharge on May. 24, 1991. Patronite subsequently received notice of the discharge.

Just over two months later, on July 30, 1991, Patronite filed a motion to reopen ("Motion") Beeney's case and a petition to proceed with a state court action ("Petition"). In the Motion, Patronite sought to reopen the case so that the court could entertain the Petition which, in turn, sought a declaration that the permanent injunction of Bankruptcy Code § 524 did not bar Patronite from naming Beeney as a defendant in a state court action to establish his liability for the accident. Patronite asserted that establishing Beeney's liability was necessary because California does not have a direct action statute that would allow Patronite to pursue the insurance policy directly. The Petition asserted that Beeney would incur no expense in defending the lawsuit and that Patronite did not intend to try to enforce or collect any judgment he might obtain against Beeney personally or his assets.

Beeney filed a declaration opposing the Motion and the Petition in which he denied fault for the accident and asserted that Patronite should have acted while the case was open if he wanted to proceed against the insurance policy. Beeney, who is a truck driver, further asserted that "if the insurance carrier pays this claim with only a perfunctory defense it will jeopardize my driving privileges, increase my insurance rates, cause a possible loss of my hazardous material certificate all of which could result in a loss of my job."

At a hearing on August 20, 1991, the court determined that no "cause" existed to reopen the case because Patronite could have sought relief from the stay while the case was open and had provided no explanation for his failure to do so. The court thus denied the Motion. The Petition was denied as moot. Orders denying the Motion and the Petition were entered on September 30, 1991 and Patronite timely appealed.[2]

On October 19, 1991, in order to prevent the statute of limitations from expiring, Patronite filed a complaint in California Superior Court against Beeney and others. In the complaint, Patronite alleges that he does not intend to proceed against Beeney personally or his assets.

---

1. All references to the Bankruptcy Code are to 11 U.S.C. §§ 101–1330. References to the Bankruptcy Rules are to the Federal Rules of Bankruptcy Procedure 1001–9035.

2. On September 26, 1991, prior to entry of the orders, Patronite filed notices of appeal from both orders. Apparently out of an abundance of caution, he again filed notices of appeal from both orders on October 3, 1991. Both sets of notices of appeal are timely. *See* Bankruptcy Rule 8002(a).

## ISSUES

1. Although not identified by the parties, a threshold issue is whether reopening Beeney's case and obtaining an order from the bankruptcy court was necessary to allow Patronite to pursue the state court litigation.

2. Whether the trial court erred in denying the Motion and the Petition.

## STANDARDS OF REVIEW

■ We review the bankruptcy court's decision regarding a motion to reopen a case for an abuse of discretion. *See In re Herzig*, 96 B.R. 264, 266 (9th Cir. BAP 1989); *In re Ricks*, 89 B.R. 73, 75 (9th Cir. BAP 1988). Whether the state court suit is barred by the permanent injunction of § 524 is a question of law which we review *de novo. See In re Daniels–Head & Assocs.*, 819 F.2d 914, 917 (9th Cir.1987).

## DISCUSSION

A. *Application of Section 524 to State Court Suit*

■ Bankruptcy Code § 524 provides in relevant part:

(a) A discharge in a case under this title
. . .

(2) operates as an injunction against the commencement or continuation of an action . . . to collect, recover or offset any [discharged] debt as a personal liability of the debtor, whether or not the discharge of such debt is waived. . . .

(e) Except as provided in subsection (a)(3) of this section [which is not relevant to the instant case], discharge of a debt of the debtor does not affect the liability of any other entity on, or the property of any other entity for, such debt.

11 U.S.C. § 524(a), (e). Subsection (a) enjoins creditors from attempting to collect from the debtor or the debtor's assets debts that have been discharged in bankruptcy. Subsection (e) makes clear that this injunction applies only to the debtor's personal liability and does not inhibit collection efforts against other entities. *See,* *e.g., In re Peterson*, 118 B.R. 801, 802–803 (Bankr.D.N.M.1990); *In re Lembke*, 93 B.R. 701, 702 (Bankr.D.N.D.1988); *In re Mann*, 58 B.R. 953, 956 (Bankr.W.D.Va. 1986).

■ Whether pursuing an action post-discharge against a debtor solely in order to collect on an insurance policy is permissible has been addressed in many cases, the most recent of which is *Green v. Welsh*, 956 F.2d 30 (2d Cir.1992). In *Green*, tort claimants who had been injured in a fire on premises owned by the debtors sought, post-discharge, to continue litigation against the debtors solely to establish liability so that they could attempt to collect under an insurance policy. The bankruptcy court held that § 524 discharged the debt to the claimants and prevented continuation of the litigation. The district court reversed and the Second Circuit affirmed the latter court. *Id.* at 32.

At the outset, the court noted that the vast majority of courts that had addressed the issue determined that such a suit could proceed so long as no collection efforts would be made against the debtor. *Id.* 33–34. The Second Circuit reasoned (1) that § 524(e) provides that the debtor's discharge does not apply to other entities, (2) that the debtor's "fresh start" would not be impeded by allowing the litigation to continue because the debtor could simply allow a default to be taken, and (3) that insurers should not receive a windfall from the debtor's bankruptcy or the claimant's failure to obtain relief from the stay prior to entry of the debtor's discharge. *See id.* at 34 (citing primarily *In re Jet Florida Systems, Inc.*, 883 F.2d 970 (11th Cir. 1989)).

Finally, the *Green* court rejected the argument that by failing to seek relief from stay during the pendency of the bankruptcy, the claimant waived the right to pursue the state court litigation. The court noted that there had been no prejudice to the debtor or the insurance company from the eight month delay from the date of the discharge until the date the debtor sought relief to continue the litigation. *Green,* 956 F.2d at 35. The court thus concluded

that the permanent injunction of § 524 did not bar the litigation.

We agree with the court in *Green* for several reasons. First, as that court noted, the vast weight of authority supports this result. *See In re Catania*, 94 B.R. 250, 253 (Bankr.D.Mass.1989) (and cases cited therein); *In re Traylor*, 94 B.R. 292, 293 (Bankr.E.D.N.Y.1989); *In re Lembke*, 93 B.R. at 703; *In re White*, 73 B.R. 983, 986 (Bankr.D.D.C.1987); *In re Mann*, 58 B.R. at 959 (and cases cited therein); *In re Hirsch*, 50 B.R. 8, 9 (Bankr.S.D.Fla.1985). The few cases that appear to the contrary are either distinguishable or their reasoning has been rejected. *See Green*, 956 F.2d at 34–35.

Second, public policy supports this result. As the court in *In re Traylor* noted:

> Whereas [auto insurance] may at one time have been viewed as solely for the protection of the insured, the public policy, as reflected in the requirement that all drivers carry liability insurance, indicates that insurance is now viewed as necessary protection for potential victims of the insured's negligence. The debtor could not have driven his car in the State of New York without insurance. He was required to carry it in the interest of persons like the tort-creditors here. That through bankruptcy he can divest himself of his personal obligation to compensate them for injuries suffered due to his negligence, should not wipe out the carrier's commitment which permitted him to drive a car. It would not be in accordance with sound public policy to deem a discharge in bankruptcy as releasing an insurance company from liability under a policy which the law requires every automobile driver to carry for the protection of the public.

94 B.R. at 293. Further, allowing Patronite's suit to proceed merely leaves Beeney in the position of a witness who would appear at trial. *See Traylor*, 94 B.R. at 293 ("[T]he debtor, whether discharged or not, is under the same obligations as would

be any witness, regardless of the inconvenience to him, to attend any trial that may take place if the relief is granted."). Thus, we are persuaded that a lawsuit such as the one Patronite wishes to pursue is not prohibited by Bankruptcy Code § 524.

Beeney nevertheless argues that allowing the suit to proceed in the case at bar would interfere with his fresh start because the insurance company might not vigorously defend the suit and, because he is a truck driver, his job might be put in jeopardy. This argument is not persuasive. First, it is very tenuous. *If* the insurance company does not vigorously defend, and *if* Patronite prevails, and *if* Beeney's insurance rates increase, and *if* Beeney loses his hazardous materials license, then he *might* lose his job.

Moreover, had Patronite filed a motion for relief from stay during the bankruptcy and been allowed to pursue the lawsuit,[3] the same factors would be present and Beeney's fresh start would allegedly be imperiled. Yet he appears to concede that relief from stay would have been appropriate in that situation. This undercuts Beeney's argument that the problem is interference with his fresh start.

We therefore conclude that, as a matter of law, Patronite may pursue the litigation against Beeney so long as he does not intend to enforce any judgment against Beeney or his property.

**B. Reopening the Case**

█ The issue as framed by the parties is whether the trial court erred by refusing to reopen the case to consider the issue addressed above. We affirm on the ground that reopening the case is unnecessary because, as discussed above, an action naming the debtor solely to establish the debtor's liability in order to collect on an insurance policy is not barred by Bankruptcy Code § 524.

Reopening of cases is governed by Bankruptcy Code § 350(b) which provides that "[a] case may be reopened . . . to adminis-

---

**3.** The trial court indicated that such a motion probably would have been granted had it been filed during prior to closing of the case.

ter assets, to accord relief to the debtor, or for other cause." 11 U.S.C. § 350(b). In *In re Bowen*, 102 B.R. 752 (9th Cir. BAP 1989), the Panel noted that, when faced with a motion to reopen a case to add omitted creditors, the court had several alternatives including (1) denying the motion and allowing a state court to determine whether the unscheduled debt was discharged, (2) granting the motion and determining whether the unscheduled debt was discharged in an adversary proceeding, or (3) the court could have denied the motion on the ground that the debt at issue was not discharged under Bankruptcy Code § 523(a)(3) if it was apparent at the hearing that the creditor did not have knowledge of the bankruptcy. *Id.* at 754. The Panel determined that, under the circumstances of that case, the trial court should have reopened the case.

The situation in the case at bar is similar. Here, the trial court could have (1) denied the motion and allowed the state court to determine whether the injunction of § 524 barred Patronite's suit against Beeney,[4] (2) granted the motion and ruled on the issue itself, or (3) denied the motion on the ground that the injunction did not bar the suit and the Petition was unnecessary. The basis for the trial court's decision below is not clear, but the court did appear to suggest that by denying the motion, the suit was prohibited as a result of its denying the Motion. To the extent that this is the case, we disagree with the trial court.

### CONCLUSION

We disagree with the trial court's apparent conclusion that Patronite should not be allowed to pursue his lawsuit against Beeney for the limited purpose of establishing the latter's liability. Nevertheless, we AFFIRM on the ground that the Motion and the Petition were unnecessary.

---

4. *See, e.g., Fisher v. Lewis,* 57 Ohio App.3d 116, 567 N.E.2d 276 (1988) (state court determines that insurance company remains liable for claim despite debtor's discharge). *See also Gonzales v. AM Community Credit Union,* 150

Wis.2d 773, 442 N.W.2d 536 (Ct.App.1989) (proper forum for determination whether debtor's discharge releases a given debt is state court where subsequent enforcement is sought).