Loretta REYNOLDS (Widow of Franklin Reynolds), Petitioner,

v.

TODD PACIFIC SHIPYARDS CORPORATION; Fireman's Fund Insurance Companies; Director, Office Of Workers Compensation Programs, Respondents.

No. 96–70852.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted July 9, 1997.

Decided Aug. 4, 1997.

Robert Pardington, Pozzi Wilson Atchison, LLP, Portland, OR, for Petitioner.

Carol J. Molchior and Robert H. Madden, Madden & Crockett, Seattle, WA, for Respondents.

Before: GOODWIN, REINHARDT, and RYMER, Circuit Judges.

PER CURIAM.

Loretta Reynolds appeals a decision of the Benefits Review Board dismissing her Longshore and Harbor Workers Compensation Act claim arising from the death of her husband, Franklin Reynolds. We have jurisdiction under 33 U.S.C. § 921(c), and affirm.

I

Reynolds seeks benefits from Todd Pacific for on-the-job exposure to asbestos that she claims contributed to her husband's death. Todd Pacific denied liability in November 1982. During 1983 and early 1984, Reynolds settled with other parties who were potentially liable on the same claim. The settlements were for less than the total amount of Todd Pacific's liability, and were executed without Todd Pacific's prior written approval.

The ALJ dismissed Reynolds's claim on account of the unauthorized settlements, relying on 33 U.S.C. § 933(g), which was amended in 1984, and *Estate of Cowart v. Nicklos Drilling Co.*, 505 U.S. 469, 112 S.Ct. 2589, 120 L.Ed.2d 379 (1992). The Board affirmed without opinion.

II

Reynolds argues that the ALJ should not have given retroactive effect to § 933(g) or to *Cowart*. We disagree.

Since its original enactment in 1927, § 933(g) has said that a "person entitled to compensation" who enters into third-party settlements for less than the amount of the employer's liability without the written consent of the employer forfeits the right to workers' compensation. While in 1984 Congress redesignated § 933(g) as (g)(1), with minor changes, and enacted § (g)(2), the 1984 amendments "did not change the phrase 'person entitled to compensation.'" *Cowart*, 505 U.S. at 473, 112 S.Ct. at 2592. The amendments to § 933 became effective on the date of enactment and were expressly made applicable to claims pending on that date. *See* 33 U.S.C. § 901 historical notes (reprinting Pub.L. No. 98–426, § 28(a)).

Cowart held that the meaning of the phrase "person entitled to compensation" was "plain," and that under the plain language of § 933(g)(1), a claimant forfeits her right to further LHWCA benefits by failing to obtain the employer's written approval prior to settling, even though she is not yet receiving compensation. 505 U.S. at 478, 480, 112 S.Ct. at 2595, 2596. Contrary to Reynolds's view, § 933(g)(2) was not critical to the Court's analysis; it merely supported it. *See id.* at 477, 112 S.Ct. at 2595. Therefore, the meaning that *Cowart* ascribed to "person entitled to compensation" is what that phrase in the statute has meant since day one. *See, e.g., Rivers v. Roadway Express, Inc.,* 511 U.S. 298, 311–12, 114 S.Ct. 1510, 1518–19, 128 L.Ed.2d 274 (1994) (noting that Supreme Court's statutory interpretation is dispositive and retroactive).

Thus, like *Cowart,* this case is governed by the "plain meaning" of § 933(g)(1) (formerly (g)), under which, both before and after 1984, a claimant was "entitled to compensation," and covered by the forfeiture rule, even if she were not then receiving compensation from the employer. Therefore, even though Reynolds settled prior to the 1984 amendments, and Cowart after them, the effect of *Cowart's* reversal of the Board's interpretation of § 933(g)(1) is the same in both cases, and *Cowart* requires dismissal of Reynolds's claim.

Reynolds's argument that prior to *Cowart* we had adopted the Board's contrary construction of § 933(g) in *O'Leary v. Southeast Stevedore Co.,* 7 B.R.B.S. 144 (1977), *aff'd in unpublished memorandum,* 622 F.2d 595 (9th Cir.1980), does not persuade us otherwise, as our unpublished affirmance of *O'Leary* was without precedential effect. 9th Cir. R. 36–3.

PETITION DENIED.