129 F.3d 126
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Larry LUCAS, Petitioner,
v.
CASCADE GENERAL INC.; SAIF Corporation; Director, Office
of Workers Compensation Programs; United States
Department of Labor, Respondents.
 No. 97-70056.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 4, 1997.**
Decided Nov. 7, 1997.
 
 Petition for Review of an Order of the Benefits Review Board.
 Before: HUG, Chief Judge, PREGERSON, and BEEZER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Larry Lucas petitions for review of a final order of the Benefits Review Board of the Department of Labor ("Board"). Lucas contends that the Board erred by affirming the decision of the administrative law judge ("ALJ") that Lucas was not entitled to temporary total disability because he was capable of returning to work. We have jurisdiction pursuant to 33 U.S.C. § 921, and we deny the petition.
 
 
 3
 We conduct an independent review of the administrative record and must accept the ALJ's findings of fact if they are supported by substantial evidence. See Lockheed Shipbuilding v. Director, OWCP, 951 F.2d 1143, 1144-45 (9th Cir.1991); see also Reynolds v. Todd Pacific Shipyards Corp., 122 F.3d 37, 38 (9th Cir.1997) (reviewing ALJ decision where BRB affirmed without opinion).
 
 
 4
 Lucas contends that the ALJ's determination that his right foot is medically stationary is not supported by substantial evidence. Lucas argues that because the orthopedic surgeon recommended surgery, he has not reached maximum medical improvement.
 
 
 5
 An award of total disability is premised on the claimant's inability to perform his usual or alternative work. See Stevens v. Director, OWCP, 909 F.2d 1256, 1257 (9th Cir.1990). If the claimant shows that he is unable to perform his usual job, the burden shifts to the employer to show that there is "suitable alternative work available in the community." See id. at 1258. To satisfy its burden, "the employer must point to specific jobs that the claimant can perform." Bumble Bee Seafoods v. Director, OWCP, 629 F.2d 1327, 1330.
 
 
 6
 Here, it is undisputed that Lucas, in the course of his employment, injured his left ankle in 1990. Lucas claimed that the added weight to his right side caused him to fall at home and re-injure his right ankle which he had seriously injured, originally off-the-job, in 1975. Lucas's employer disputed that Lucas's injury to his right ankle was work-related. The ALJ disagreed and ordered the employer to pay for medical treatment "associated with [Lucas's] right ankle aggravation." Lucas moved for reconsideration, seeking temporary total disability pending surgery on his right ankle. Because Lucas's own doctor released Lucas for alternative work, and evidence was presented that specific alternative work was available, the ALJ denied Lucas's motion and the Board affirmed. We are satisfied that the ALJ's decision is supported by substantial evidence. See Lockheed Shipbuilding, 951 F.2d at 1144-45; Stevens, 909 F.2d at 1257.
 
 
 7
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3