In re June Cain MILLER, Debtor.

Louise Groner and Brian
Baker, Appellants,

v.

June Cain Miller, Appellee.

BAP Nos. CC–00–1258–MoMaP,
00–00–1346–MoMaP.
Bankruptcy No. LA–98–57153–AA.

United States Bankruptcy Appellate Panel
of the Ninth Circuit.

Argued and Submitted March 22, 2001.

Opinion April 10, 2001.

Amended Opinion May 29, 2001.

C. Casey White, Tilem & White, LLP, Glendale, CA, for appellants.

Steven L. Bryson, Law Offices of Steven L. Bryson, Los Angeles, CA, for appellee.

Before: MONTALI, MARLAR, and PERRIS, Bankruptcy Judges.

### AMENDED OPINION

MONTALI, Bankruptcy Judge.

Creditor and creditor's counsel appeal from (1) an order determining that creditor's counsel willfully violated the automatic stay and (2) an order imposing sanctions upon creditor's counsel for willful violation of the automatic stay. We REVERSE.

## I. FACTS

On July 10, 1997, appellant Louise Groner ("Groner") sued June Cain Miller ("Debtor") in state court, alleging fraud and other causes of action. Debtor filed a cross-complaint against Groner and there-

after filed her first chapter 13[1] case on October 29, 1997. The state court action against Debtor was stayed, including Groner's then pending motion against Debtor to compel discovery.

On February 9, 1998, Groner amended her state court complaint to add Robert Henry ("Henry"), Debtor's husband, as a defendant. Henry had not filed for bankruptcy relief and was not protected by the automatic stay of section 362 or by the co-debtor stay of section 1301.[2]

Debtor's first chapter 13 case was dismissed on October 6, 1998, because of Debtor's ineligibility. Groner resumed pursuit of her claim in state court, and refiled her motion to compel discovery against Debtor. On the eve of the hearing on the motion to compel, Debtor filed her second (and present) chapter 13 case.[3] Because of the automatic stay arising in the second chapter 13 case, Groner discontinued her pursuit of claims against Debtor and took the motion to compel off calendar.

Even though the state court action against Debtor was stayed, Groner continued to prosecute her case against Henry. Debtor was the key witness to Groner's claims against Henry. Accordingly, appellant Brian Baker ("Baker"), counsel for Groner, personally served Debtor with a third-party subpoena to appear as a deposition witness.[4] Baker advised Debtor's bankruptcy counsel that he "was taking the deposition as a third party witness— not [as] a party—and hence the subpena [sic] instead of the normal party deposition procedure that would be utilized in state court."[5] Debtor's bankruptcy counsel acknowledged on the bankruptcy court record that the subpoena was framed "as if it was a third-party subpoena, not as if it was a notice to appear as a party defendant." Baker did not obtain relief from the automatic stay before serving the subpoena on Debtor.

Debtor did not comply with the subpoena that had been personally served on her. Baker thereafter served three additional third-party witness subpoenas on Debtor; Debtor ignored all three subpoenas and failed to appear. On December 20, 1999, without requesting relief from the stay, Baker filed a motion in state court to compel Debtor to comply with the state court subpoenas and requested sanctions

1. Unless otherwise indicated, all chapter, section and rule references are to the Bankruptcy Code, 11 U.S.C. §§ 101–1330 and the Federal Rules of Bankruptcy Procedure, Rules 1001–9036.

2. As explained in section IV, Groner's claims against Henry were not stayed by section 362. Debtor has not contended that the co-debtor stay of section 1301 is applicable. Section 1301 stays actions to collect "consumer" debts from a co-debtor. Groner's claims for fraud, conversion, fiduciary breach (among other causes of action) do not constitute "consumer debts" under section 101(8).

3. Nothing in the record indicates how Debtor became eligible to file her second Chapter 13 case, nor is that an issue in this appeal.

4. We have not been provided with copies of the subpoenas, but we note that the California Code of Civil Procedure section 2020 requires a deposition subpoena to be issued to nonparties. California law does not require service of a deposition subpoena on a party deponent.

5. Baker also conducted examinations of Debtor pursuant to Rule 2004. Because Baker was informed by Henry's counsel that he could not use the Rule 2004 testimony of Debtor in the state court lawsuit against Henry, Baker sought to depose Debtor as a third party witness in the action against Henry. Henry had filed a motion for summary adjudication of the claims against him, and objected to Groner's use of any Rule 2004 testimony of Debtor. We express no opinion on whether the Rule 2004 testimony could have been considered by the state court.

against Debtor (the "Motion to Compel"). The next day, Debtor dismissed her cross-complaint against Groner. The state court eventually denied the Motion to Compel.

On February 15, 2000, Debtor filed a motion for an order of contempt ("Contempt Motion") in the bankruptcy court, contending that Baker's service of the witness subpoenas upon her and Baker's Motion to Compel violated the automatic stay of section 362. Pursuant to section 362(h), Debtor requested sanctions. Baker opposed the Contempt Motion, arguing that the subpoenas were issued with respect to Groner's claims against Henry and were not issued in furtherance of Groner's claims against Debtor (noting that Groner had not pursued prior motions to compel Debtor to comply-with discovery directed at her as a party, in light of the automatic stay). Baker also argued that section 362 does not insulate Debtor from her duty to comply with a third-party witness subpoena, and that Groner was not stayed from defending herself against Debtor's cross-complaint.

At the initial hearing, the bankruptcy court ruled that Baker did violate the automatic stay. Counsel for Debtor prepared proposed findings of fact and conclusions of law, which the court entered on April 6, 2000. With respect to each of the third-party witness subpoenas served by Baker on Debtor, the court stated "At all times, Debtor remained a Defendant in said State Court proceeding. No relief from stay had been sought nor received by Attorney Baker in Bankruptcy Court prior to the issuance of the deposition subpoena." The bankruptcy court made a similar factual finding with respect to Baker's Motion to Compel. In other words, the bankruptcy court ruled that a violation of the automatic stay occurred because Debtor was a party in the action in which the subpoenas

were issued; the court disregarded the nature and purpose of the subpoena.

The bankruptcy court entered an "Order re: Contempt" on April 6, 2000, holding that Baker had willfully violated the automatic stay provisions of section 362(a) and setting a further hearing on damages. Groner and Baker (collectively, "Appellants") filed a timely notice of appeal of that order.

On April 27, 2000, the court held a hearing on damages. Thereafter, on May 24, 2000, the bankruptcy court entered an order requiring Baker to pay Debtor actual damages in the amount of $10,737.50. The court denied Debtors' request for punitive and emotional damages. Groner and Baker filed a timely notice of appeal of that order.

On August 9, 2000, a panel of this court entered an order granting Appellants leave to appeal the orders, to the extent that they may have been deemed interlocutory. The panel also ordered that the two appeals be consolidated.

## II. ISSUES

(1) Whether the bankruptcy court erred in holding that Baker willfully violated the automatic stay.

(2) Whether the bankruptcy court erred in its imposition of sanctions upon Baker pursuant to section 362(h).

## III. STANDARD OF REVIEW

■■■ An appellate court reviews *de novo* a bankruptcy court's interpretation and application of section 362(h). *Stainton v. Lee (In re Stainton)*, 139 B.R. 232, 234 (9th Cir. BAP 1992). Moreover, a bankruptcy court's determination that the automatic stay provisions of section 362 have been violated involves a question of law that is subject to *de novo* review. *McCarthy, Johnson & Miller v. North Bay*

*Plumbing, Inc. (In re Pettit)*, 217 F.3d 1072, 1077 (9th Cir.2000). A court's assessment of damages is reviewed for an abuse of discretion. *Security Farms v. International Brotherhood of Teamsters*, 124 F.3d 999, 1015 (9th Cir.1997).

A bankruptcy court's findings of fact are reviewed for clear error and its conclusions of law are reviewed *de novo. Smith v. Kennedy (In re Smith)*, 235 F.3d 472, 475 (9th Cir.2000). A lower court's findings are reversible for clear error when the appellate court is left with a "definite and firm conviction that a mistake has been made." *United States v. Maldonado*, 215 F.3d 1046, 1050 (9th Cir. 2000). Mixed questions of law and fact are generally reviewed *de novo. Diamond v. City of Taft*, 215 F.3d 1052, 1055 (9th Cir.2000).

## IV. DISCUSSION

In this appeal, Appellants argue that Baker's actions did not violate the automatic stay and that, even if Baker did willfully violate the automatic stay, the bankruptcy court erred in its determination of the amount of Debtor's actual damages.

### A. *Did Issuance of the Subpoenas Violate the Automatic Stay?*

Section 362(a)(1) stays the "commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case." 11 U.S.C. § 362(a)(1). Section 362(h) provides that an individual injured by any willful violation the automatic stay shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages. *See* 11 U.S.C. § 362(h). In order to determine

whether Baker is liable under section 362(h), we must address the threshold question of whether his actions violated the automatic stay. We hold that Baker did not violate the automatic stay.

In this case, the bankruptcy court held that Baker violated the automatic stay by issuing the post-petition third-party witness subpoenas to Debtor and by seeking sanctions in state court for Debtor's failure to comply with the subpoenas. Appellants state that they issued the subpoenas to establish a defense to Debtor's cross-complaint and to prosecute Groner's claim against non-debtor Henry. Appellants argue the section 362 stay therefore did not apply because Groner was not pursuing her claims against Debtor when her counsel issued the subpoena. Appellants additionally contend that Baker did not violate the automatic stay in seeking sanctions against Debtor, because the request for sanctions was based on Debtor's post-petition conduct.

Section 362(a)(1) applies only to actions against a debtor. Here, in the action in which the subpoenas were issued, Appellants conceded that Groner's claims against Debtor were stayed. Nonetheless, Groner's claims against Henry were not stayed, and Groner was entitled to continue prosecution of those claims. *See Chugach Timber Corp. v. Northern Stevedoring & Handling Corp. (In re Chugach Forest Products, Inc.)*, 23 F.3d 241, 246 (9th Cir.1994), quoting *Advanced Ribbons and Office Products, Inc. v. U.S. Interstate Distributing, Inc. (In re Advanced Ribbons and Office Products, Inc.)*, 125 B.R. 259, 263 (9th Cir. BAP 1991) ("[The automatic stay] does not protect non-debtor parties or their property. [Citations omitted]. Thus, section 362(a) does not stay actions against guarantors, sureties, corpo-

rate affiliates, or other non-debtor parties liable on the debts of the debtor.").[6]

Groner was therefore entitled to pursue discovery with respect to her claims against Henry. In that respect, Groner sought to depose Debtor as a third-party witness. This panel faces an issue of first impression: does the automatic stay protect a debtor from complying with discovery requests in a multi-defendant case where the debtor is a defendant, but where those discovery requests are framed as discovery pertaining only to the claims against the other non-debtor defendants?

One case, *In re Mahurkar Double Lumen Hemodialysis Catheter Patent Litigation*, 140 B.R. 969 (N.D.Ill.1992), is instructive. In *Mahurkar*, Kendall Med-West was a defendant in certain multi-defendant patent infringement litigation. Kendall filed for bankruptcy and contended that the automatic stay prevented further prosecution of the claims against it and barred discovery of its employees and former employees. The district court agreed that the automatic stay applied to a request for injunctive relief against Kendall, but held that Kendall (and its employees) were not protected by the automatic stay with respect to discovery relating to claims against the other defendants. *Id.* at 977. The court did not, however, dismiss the action against Kendall; rather, it merely treated Kendall "as if [it] were no longer a party to the litigation" and "as if [it] were an interested non-litigant." *Id.* at 978–79. The *Mahurkar* court stated:

We come, then, to discovery in the multidistrict patent case. Section 362(a)(1) applies only to actions against the debtor. *At oral argument, counsel for Kendall conceded that the automatic stay does not affect discovery affecting IMPRA* [the other non-debtor defendant], *and that Kendall is obliged to participate to the extent it would be as a non-party.* Related litigation goes on without the debtor.

*That concession, which I believe correctly states the law (although there are no cases on point)*, means that Mahurkar is entitled to at least some of the relief he seeks. *Kendall has no ground to interfere with or disrupt discovery that is calculated to lead to evidence admissible against IMPRA.* That a given witness used to work for Kendall (or still works for Kendall) is irrelevant, *if the discovery has utility other than to facilitate recovery against Kendall.*

*Id.* at 977 (citations omitted) (emphasis added).

Because the discovery aimed at Kendall and its employees did not violate the automatic stay to the extent it pertained to litigation of other non-debtor defendants, the *Mahurkar* court ordered that depositions of Kendall's employees could occur. *Id.* at 978–79. The court, however, then stated that "[a]ll discovery and other proceedings against Kendall and its experts are stayed until the lifting or modification of the automatic stay." *Id.* at 979. While the language is ambiguous, it appears as though the *Mahurkar* court believed that discovery relating to claims against Ken-

---

**6.** *See also Seiko Epson Corp. v. Nu-Kote International, Inc.*, 190 F.3d 1360, 1364 (Fed.Cir. 1999) ("It is clearly established that the automatic stay does not apply to non-bankrupt co-defendants of a debtor 'even if they are in a similar legal or factual nexus with the debtor.' "); *Teachers Ins. & Annuity Ass'n v. Butler*, 803 F.2d 61, 65 (2d Cir.1986) ("It is well-established that stays pursuant to § 362(a) are limited to debtors and do not encompass non-bankrupt co-defendants."); *Marcus, Stowell & Beye Government Securities, Inc. v. Jefferson Investment Corp.*, 797 F.2d 227, 230 n. 4 (5th Cir.1986) ("The well established rule is that an automatic stay of judicial proceedings against one defendant does not apply to proceedings against co-defendants.").

dall was stayed, while discovery of claims relating to the other parties was not stayed. Like the *Mahurkar* court, this panel believes that section 362(a) does not preclude generation of information regarding claims by or against a non-debtor party, even where that information could eventually adversely affect the Debtor.

Another case, while not on point, is also illustrative. In *In re Hillsborough Holdings Corp.*, 130 B.R. 603, 605 (Bankr. M.D.Fla.1991), a non-debtor co-defendant sought relief from stay in order to depose employees of debtor, its co-defendant. The plaintiff was unable to obtain relief from the stay to pursue its claims against the debtor, so it was pursuing its claims against the co-defendant only. Consequently, the co-defendant wanted to depose the debtor's employees "for the purpose of discovering facts which might help in its defense against the claim asserted against it by [the plaintiff]." *Id.* The debtor argued that the depositions would violate the automatic stay and would adversely affect its defense of the stayed claim of the plaintiff. The debtor therefore contended that the requested discovery "would in effect be tantamount to an 'end run' around the shield of protection erected by the automatic stay already available to [it]." *Id.*

The *Hillsborough* court granted relief from the stay, but noted that it did not believe that the automatic stay prevented discovery aimed at debtor as long as the discovery pertained to claims and defenses of a non-debtor party:

> Considering [the co-defendant's] right to the relief sought, the initial inquiry must be addressed to the threshold question, which is whether or not the proposed action, i.e., proposed discovery by [the plaintiff], is in fact prohibited by the automatic stay protecting [debtor]. At first blush, it would appear that the proposed action by [the co-defendant],

that is to conduct discovery in order to prepare its defense against the suit filed by [the plaintiff], is not prohibited by the automatic stay. This is so because there is no question that [co-defendant] does not seek relief from the automatic stay in order to undertake any action against [debtor] or against any property of [debtor] in order to enforce a pre-petition claim against [debtor], which action would clearly be within the specific provisions of § 362(a) of the Bankruptcy Code. Based on the undisputed facts, *it is clear that a literal reading of § 362(a) leaves no doubt that the automatic stay would not prevent [co-defendant] from conducting the proposed discovery to be used for its defense in the suit filed by [the plaintiff].*

*Id.* at 605 (emphasis added).

In this case, Groner issued the subpoenas to Debtor in an effort to continue her prosecution of her claims against Henry, a non-debtor. Section 362(a) prohibits the commencement or continuation of an action against the debtor; to the extent that Groner was eliciting Debtor's testimony for purposes other than to continue the prosecution of her claims against Debtor, the proposed discovery did not violate the automatic stay, unless the issuance of subpoenas itself constitutes "issuance or employment of process" against Debtor or a "judicial proceeding" against Debtor. If this were true, a debtor could never be called as a witness (even in actions where the debtor is not a party) without relief from the stay. Such an interpretation of section 362(a) defies common sense and the spirit of the Code. Information is information, and we believe the discovery of it as part of the development of a case against non-debtor parties is permissible, even if that information could later be used against the party protected by the automatic stay. In addition, that interpretation is inconsistent with interpretations of a similar clause contained in section 524.

Section 524(a)(2) provides that a debtor's discharge operates as an injunction "against the commencement or continuation of an action [or] the employment of process" to collect a discharged debt. Judicial interpretations of this section indicate that calling a debtor to testify does not violate the injunction against "employment of process." In two cases interpreting the impact of the section 524 discharge injunction, courts have held that the discharge injunction does not shield a debtor from testifying in an action against his insurer where the recovery against him personally is enjoined. In *Patronite v. Beeney (In re Beeney)*, 142 B.R. 360, 363 (9th Cir. BAP 1992), we held that section 524 did not bar a plaintiff's action against a debtor where the plaintiff was seeking recovery only from the debtor's insurer; in so deciding, we observed that "allowing [the plaintiff's] suit to proceed merely leaves [the debtor] in the position of a witness who would appear at trial." *Id.*, citing *In re Traylor*, 94 B.R. 292, 293 (Bankr.E.D.N.Y.1989) ("the debtor, whether discharged or not, is under the same obligations as would be any witness, regardless of the inconvenience to him, to attend any trial that may take place if the relief is granted"). In *Traylor*, the court similarly held that the discharge injunction did not preclude an action against the debtor's insurer and did not protect a

debtor from his obligations to appear as a witness.

■ In ruling that Baker violated the automatic stay, the bankruptcy court referred to two decisions, neither of which will aid Debtor here. The first case was an unpublished decision of the Ninth Circuit and should not have been cited by the bankruptcy court [7] or the parties. *See* 9th Cir. R. 36-3 ("Unpublished dispositions and orders of this Court may not be cited to or by the courts of this circuit except in the following circumstances ..."; none of the exceptions applies here). "Unpublished dispositions and orders of this Court are not binding precedent, except when relevant under the doctrines of law of the case, res judicata, and collateral estoppel." *Id.*[8] Because 9th Circuit Rule 36-3 prohibits citation to unpublished decisions (with limited exceptions not applicable here), we will not discuss the unpublished decision cited by the bankruptcy court.[9]

In the second case, *Occidental Chemical Corp. v. Johns–Manville Corp. (In re Johns–Manville Corp.)*, 41 B.R. 926, 927 (S.D.N.Y.1984), Occidental Chemical Corporation sought discovery from Johns–Manville in order to prepare its defense of third-party litigation and filed a request for relief from the automatic stay. The bankruptcy court denied the request, and instead imposed an additional stay of *all* discovery and litigation filed against debt-

---

**7.** Our comments should not be taken as a disapproval of the court's reliance on the *reasoning* of an unpublished decision, only on the *citation* of the decision.

**8.** *See also United States v. Rivera–Sanchez*, 222 F.3d 1057, 1062–63 (9th Cir.2000) (acknowledging that its "unpublished memorandum dispositions have no precedential value"); *Reynolds v. Todd Pacific Shipyards Corp.*, 122 F.3d 37, 38 (9th Cir.1997) (court rejected appellant's request to follow the reasoning of an unpublished decision, as the decision "was without precedential effect"); *Burns v. United States (In re Burns)*, 974 F.2d

1064, 1068 (9th Cir.1992) (refusing to apply an unpublished decision, the Ninth Circuit explained the "significant judicial purpose" served by the rule against citations to unpublished decisions).

**9.** *See DiMartini v. Ferrin*, 889 F.2d 922, 929 (9th Cir.1989), *opinion amended*, 906 F.2d 465 (1990), *cert. denied*, 501 U.S. 1204, 111 S.Ct. 2796, 115 L.Ed.2d 970 (1991) (Ninth Circuit refused to consider unpublished decision that did not fall within the exceptions to the rule against citation).

or and its officers, directors, employees, insurers, sureties and other agents.[10] This sweeping stay, which had been granted pursuant to section 105, was imposed because section 362—in and of itself—did not provide such a broad stay. The district court reversed the "sweeping bar of discovery" with respect to Occidental, noting that "there must be some loosening of the bonds which prevent such litigants from obtaining discovery from Manville." *Id.* at 932. *Johns–Manville* does not stand for the proposition that the automatic stay prevents discovery of a debtor in furtherance of a claim against a non-debtor, even though the party seeking discovery in *Johns–Manville* did obviously seek relief from the automatic stay to pursue such discovery.

█ In conclusion, section 362(a)(1) is inapplicable to Appellants' subpoenas to Debtor where those subpoenas were part of Appellants' discovery regarding claims that were not stayed.[11]

### B. *Did Baker Violate the Stay By Seeking Sanctions Against Debtor?*

█ The subpoenas were issued post-petition, and Debtor's actions in ignoring the subpoenas occurred post-petition. Because Appellants' request for sanctions arose from Debtor's post-petition conduct, Baker did not violate the automatic stay. *Bellini Imports, Ltd. v. Mason and Dixon Lines, Inc.*, 944 F.2d 199, 201 (4th Cir. 1991) (automatic stay does not apply to actions arising post-petition); *see also*

*Montclair Property Owners Assn., Inc. v. Reynard (In re Reynard)*, 250 B.R. 241, 244–45 (Bankr.E.D.Va.2000) (in Chapter 13 case, the automatic stay does not prevent commencement of an action to collect a post-petition debt, although creditor cannot pursue property of the debtor's estate); *In re Henline*, 242 B.R. 459, 467 (Bankr.D.Minn.1999) (in Chapter 13 case, the automatic stay "does not prohibit a creditor from collecting a postpetition debt from a debtor").

Debtor argues that by filing the Motion to Compel and requesting sanctions, Appellants violated section 362(a)(3), which prohibits any act to obtain possession of property of or from the estate or to exercise control over property of the estate. Debtor is incorrect. As noted above, Appellants could pursue and obtain a monetary judgment (i.e., sanctions award) based on Debtor's post-petition conduct without seeking relief from the automatic stay. *Bellini Imports*, 944 F.2d at 201; *Reynard*, 250 B.R. at 244–45; *Henline*, 242 B.R. at 467. Appellants, however, could not (and did not) attempt to collect such a judgment from estate property without obtaining relief from the stay. *See Bellini Imports*, 944 F.2d at 201 (a creditor must obtain relief from the stay "*to satisfy a judgment*" against property of the estate, even where the act of obtaining the judgment did not violate the stay because it was based on a debtor's post-petition conduct) (emphasis added). Here, Appellants were merely seeking to obtain a sanctions

---

10. *See Johns–Manville Corp. v. Asbestos Litigation Group (In re Johns–Manville Corp.)*, 26 B.R. 420, 424 (Bankr.S.D.N.Y.1983).

11. Appellants also argue on appeal that they needed Debtor's testimony to build a defense to Debtor's cross-complaint against Groner. While this argument is inconsistent with their initial position that they subpoenaed Debtor as a *non-party* witness, Appellants are nonetheless correct that the automatic stay does not prohibit them from defending the cross-

complaint initiated by Debtor. *Gordon v. Whitmore (In re Merrick)*, 175 B.R. 333, 336 (9th Cir. BAP 1994) ("[W]e could find no case that supports the proposition that the automatic stay prevents a defendant from continuing to defend against a pre-bankruptcy lawsuit. To the contrary, there is substantial authority that the stay is inapplicable to postpetition defensive action in a prepetition suit brought by the debtor.").

award based on Debtor's post-petition conduct; they were not attempting to recover such sanctions from estate property. Section 362(a)(3) is thus inapplicable.

C. *Did The Court Err In Its Award of Damages?*

Because we have concluded that Appellants did not violate the automatic stay, we do not address the issue of whether the amount of damages is excessive.

## V. CONCLUSION

Baker did not violate the automatic stay in issuing the subpoenas or seeking sanctions for Debtor's post-petition acts in failing to comply with the subpoenas. Therefore, the bankruptcy court erred in finding him liable for damages under section 362(h). We REVERSE.