**SUPERIOR COURT**
**OF THE**
**STATE OF DELAWARE**

PAUL R. WALLACE
JUDGE

LEONARD L. WILLIAMS JUSTICE CENTER
500 N. KING STREET, SUITE 10400
WILMINGTON, DELAWARE 19801
(302) 255-0660

Date Submitted: November 4, 2022
Date Decided: November 9, 2022

Ryan P. Newell, Esquire
YOUNG CONAWAY STARGATT
& TAYLOR, LLP
100 North King Street
Wilmington, Delaware 19801

Joanna J. Cline, Esquire
Emily L. Wheatley, Esquire
TROUTMAN PEPPER HAMILTON
SANDERS LLP
1313 Market Street, P.O. Box 1709
Wilmington, Delaware 19801-1709

Andrew P. Sherrod, Esquire
HIRSCHLER FLEISCHER, P.C.
P.O. Box 500
Richmond, Virginia 23218-0500

RE:  *Hub Group, Inc. d/b/a Unyson Logistics v. Southern States Cooperative, Inc.*
      *and Agway Farm & Home Supply, LLC*
      C.A. No. N22C-04-131 PRW (CCLD)
      Plaintiff Hub Group Inc.'s Motion to Transfer Action to Active Docket

Dear Counsel:

   This Letter Order resolves Plaintiff Hub Group, Inc. d/b/a Unyson Logistics'

Motion to Transfer C.A. No. N22C-04-131 to the Active Docket.

   In April 2022, Plaintiff Hub Group, Inc. d/b/a/ Unyson Logistics ("Hub

Group") brought an action for breach of contract against Defendant Southern States

Cooperative, Inc. ("SSCI") and Agway Farm & Home Supply, LLC ("Agway").[1]

---

[1]  Compl. ¶¶ 28-35, Apr. 20, 2022 (D.I. 1).

SSCI timely answered and filed a cross-claim against Agway for contractual indemnification.[2]

On July 5, 2022, Agway filed a voluntary petition for relief in the United States Bankruptcy Court for the District of Delaware,[3] and on August 18, 2022, the Superior Court Prothonotary informed the parties the case was moved onto the Bankruptcy Dormant Docket.[4]

Hub Group has now moved to transfer the case back to the active docket—but, as to SSCI only, not to Agway.[5]

This Court's Civil Rule 41(g) governs the procedures relating to the bankruptcy dormant docket. The Rule provides:

> When the Court is advised that a party has filed a bankruptcy petition, the action shall be stayed. The Prothonotary shall remove the action from the active docket to the dormant docket. All parties for whom an appearance has been entered, either by counsel or *pro se*, shall be notified of the date of the transfer to the dormant docket. Twenty-four months after the transfer, the action shall be dismissed without further notice unless, prior to the expiration of the twenty-four month period, a party seeks to extend the period, for good cause shown.[6]

---

[2]   Countercl. ¶¶ 7-9, May 26, 2022 (D.I. 5).

[3]   *See* D.I. 14.

[4]   D.I. 15.

[5]   Pl.'s Mot. at 1. Sept. 23, 2022 (D.I. 18).

[6]   Del. Super. Ct. Civ. R. 41(g).

Hub Group suggests that because the defendants are severally liable, complete relief can be afforded if the case proceeds against SSCI only—*i.e.*, without Agway.[7]

Hub Group insists that Superior Court Civil Rule 41(g) is not "an immutable stay as to all defendants involved in the litigation."[8]  Hub Group relies on two cases for that proposition: *Kurten v. Johnson & Johnson*[9] and *Nichols Nursery Inc. v. Lobdell*.[10]

SSCI counters that moving the case back to the active docket would unduly prejudice it, harm Agway's bankruptcy estate, and violate the purpose behind the bankruptcy stay.[11]  First, SSCI says that defending its case "may require significant discovery of information and documents that are in Agway's possession" and because of the automatic stay it "is unable to seek this discovery from Agway."[12]  Second, SSCI argues that because it has filed a cross-claim for indemnification, it

---

[7]   Pl.'s Mot. ¶ 4.

[8]   *Id.* ¶ 6.

[9]   2020 WL 1888940, at *2 (Del. Super. Ct. Apr. 14, 2020) ("nothing suggests [Rule 41(g)] was ever intended to be - an independent right of non-bankrupt co-defendants to enjoy the stay of the bankrupt entity").

[10]   2017 WL 3051481, at *1 (Del. Super. Ct. July 19, 2017) (lifting stay after 90 days unless the bankruptcy court determines the automatic stay should apply to the non-bankrupt individual co-defendants).

[11]   Def. SSCI's Response at 2-6, Oct. 7, 2022 (D.I. 23).

[12]   *Id.* at 3-4.

will be forced to continue the action "without the ability to pursue its contractual right to indemnification against Agway."[13] Last, SSCI posits that "Hub's suit against SSCI is in essence a suit against Agway" and in those instances the federal courts have extended stays to non-bankrupt defendants.[14]

In *A.H. Robins Co., Inc. v. Piccinin*, the United States Court of Appeals for the Fourth Circuit recognized that while the bankruptcy code's automatic stay provision[15] "is generally said to be available only to the debtor," there could be situations where the automatic stay should include a third party or co-defendant so as to avoid an "unusual situation."[16] That situation could occur "when there is such identity between the debtor and the third-party defendant that the debtor may be said to be the real party defendant and that a judgment against the third-party defendant will in effect be a judgment or finding against the debtor."[17] The Court provided an example of such a situation: "a suit against a third-party who is entitled to absolute

---

[13]  *Id.*at 4.

[14]  *Id.* at 5-6.

[15]  11 U.S.C. § 362(a)(1) (2022).

[16]  788 F.2d 994, 999 (4th Cir. 1986).  As noted by SSCI, *A.H. Robins Co., Inc.* has been applied by various circuits—including the Third Circuit.  *See McCartney v. Integra Nat'l Bank N.*, 106 F.3d 506, 510 (3d Cir. 1997).

[17]  788 F.2d at 999.

indemnity by the debtor on account of any judgment that might result against them in the case."[18]   According to the Fourth Circuit, "[t]o refuse application of the statutory stay" in those types of situations "would defeat the very purpose and intent of the statute."[19]

Ultimately, both parties are correct.  Superior Court Civil Rule 41(g)[20] is not an automatic stay for non-bankrupt third parties or co-defendants.[21]   But because SSCI has filed a cross-claim for contractual indemnification, partially activating the case has the palpable potential of affecting Agway and thus serves counter to the purpose of the bankruptcy code's automatic stay and, by implication, Rule 41(g).[22]

---

[18]   *Id.*

[19]   *Id.*

[20]   As recognized by this Court in *Kurten v. Johnson & Johnson*, "it appears there are virtually no opinions written on the effect of the dormant docket of Rule 41."  2020 WL 1888940, at *1 (Del. Super. Ct. Apr. 14, 2020)

[21]   *Id.* at *2; *Nichols Nursery Inc.*, 2017 WL 3051481, at *1.

[22]   The Court heard argument last week. D.I. 26.  At argument, the parties referenced certain cases not included in their briefing.  So, the Court allowed the parties to supplement with those case citations referenced.  *Id.*  Generally, the cases provided concerned whether a plaintiff should be allowed to propound discovery against a non-bankrupt co-defendant, even when that discovery might implicate the debtor.  D.I. 27 at 1-2; D.I. 28 at 1-3.

The automatic stay "does not preclude generation of information regarding claims by or against a non-debtor party, even where that information could eventually adversely affect the Debtor." *In re Miller*, 262 B.R. 499, 505 (B.A.P. 9th Cir. 2001).  However, when "discovery requests would . . . affect the property of the debtor" such as in the indemnity context, discovery too should be stayed. *In re Philadelphia Newspaper, LLC*, 423 B.R. 98, 105 (E.D. Pa. 2010).  There appears some disagreement on whether the indemnification obligation needs to be absolute, or whether the presence of an indemnification obligation is enough to stay discovery. *Compare Stanford v.*

For the foregoing reasons, Hub Group's Motion to Transfer the Action to the

Active Docket is **DENIED**.

**IT IS SO ORDERED.**

_____
Paul R. Wallace, Judge

cc: All Counsel via File and Serve

---

*Foamex, L.P.*, 2009 WL 1033607, at \*2 n.9 (E.D. Pa. Apr. 15, 2009) ("Foamex's indemnification obligations do not appear absolute, as required by courts extending the stay due to the existence of indemnification agreements." (citation omitted)); *Hess Corp. v. Performance Texaco*, 2008 WL 4960203, at \*2 (M.D. Pa. Nov. 19, 2008), *with in re Philadelphia Newspaper, LLC*, 423 B.R. at 105. But the Court need not necessarily resolve that issue here as the ability or inability to engage full discovery among the several parties is not dispositive to the Court's resolution.

That said, the Court was not provided with the Contribution Agreement—which SSCI claims contains an indemnification provision. But based on SSCI's averments, it appears that the indemnification obligation would apply to the sole claim (breach of contract) such that the action should remain on the dormant bankruptcy docket and, under these circumstances, discovery should not commence here.